UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOLITA BARTHEL,

           Petitioner,

-vs-                                                Case No. 8:06-cv-1733-T-24TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

           Respondent.

_____

## **ORDER**

      Lolita Barthel petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of her 1996 state convictions for first degree murder; burglary of a conveyance; organized fraud; burglary of a dwelling; battery with a deadly weapon; and robbery with a firearm, for which convictions she was sentenced to three natural life sentences and two concurrent five-year sentences by the Circuit Court for the Thirteen Judicial Circuit, Hillsborough County, Florida.

      The petition is time-barred. See Jackson v. Sec'y, Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002)(district court has discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

      The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Barthel states that her judgment of conviction was entered on December 19, 1996, and that state district court of appeal affirmed the conviction on April 15, 1998. See Barthel v. State, 711 So. 2d 533 (Fla. 2d DCA 1998)(Table). Pursuant to Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), Barthel's conviction was final on direct appeal 90 days after April 15, 1998, when the period for filing a petition for writ of certiorari in the United States Supreme Court expired. That date was July 14, 1998. Therefore, the one-year limitation period began to run on July 15, 1998, and Barthel had until July 15, 1999, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period. Barthel did neither. She did not file the Rule 3.850 motion for post-conviction relief until March 20, 2000. (Petition, p. 4)  The filing of the Rule 3.850 motion did not toll the running of the limitations period because the one-year period had already expired on July 15, 1999. Therefore, the present federal petition, signed and filed in 2006, is time-barred.

Barthel has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

      1. That Barthel's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Barthel and to close this case.

      2. That Barthel's motion to proceed in forma pauperis (Doc. No. 2) is denied as moot.

      ORDERED at Tampa, Florida, on October 2, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Lolita Barthel